IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEWART A. WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-2705-FJG-KGG |
| ) | |
| HON. JUDGE KATHRYN H. VRATIL, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER GRANTING MOTION TO STAY DISCOVERY**

Before the Court is Defendants' Motion to Stay Discovery (Doc. 25). Defendants request a stay "of all discovery in this case, including the obligations to provide initial disclosures and to prepare the Report of the Parties' Planning Meeting, until the Court rules" on their pending dispositive motion. (*See* Do. 25, at 1.) Plaintiff has not responded to Defendants' motion and the time to do so has expired pursuant to D. Kan. Rule 6.1(d)(1). While inclined to grant the motion as uncontested pursuant to D. Kan. Rule 7.4, the Court will address the substance of Defendants' motion as well.

While acknowledging that motions to stay are not generally granted, Defendants argue that courts in this District routinely make an exception when

"dispositive motions based on lack of subject-matter jurisdiction" are pending. (Doc. 25, at 3.)  Defendants have argued that "claims against Chief Judge Vratil in her official capacity are barred by sovereign immunity and should be dismissed . . . for lack of subject-matter jurisdiction" and those brought against her in her individual capacity are barred by judicial immunity for failure to state a claim upon which relief can be granted. (*Id*., at 2.)  Defendants also argue that claims against Mueller are "barred by either sovereign immunity or qualified immunity." (*Id*.) Finally, Defendants argue that the claims brought against "Special Agent Carol Davis" fail to "state a plausible claim against her" and that no such person is employed by the FBI. (*Id*.)

    Rule 26(c) of the Federal Rules of Civil Procedure governs requests to stay discovery.  Whether to stay or otherwise limit discovery is within the sound discretion of the Court.  In general, the pendency of a dispositive motion is not a sufficient reason to stay discovery. **Dickman v. Dept. of Transportation**, No. 11-2523-JTM-GLR, 2012 WL 940779 (D. Kan. March 20, 2012) (citations omitted). The Court may grant such a motion "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."  **Wolf v. United States**, 157 F.R.D. 494, 495 (D. Kan. 1994).

While not stating an opinion as to Defendants' dispositive motion, which will be decided by the District Court, this Court acknowledges that the issues raised therein, if resolved in Defendants' favor, would likely dispose of the present matter in its entirety. Defendant's motion is, therefore, **GRANTED**. All discovery in this case is hereby **stayed** pending the District Court's ruling on Defendant's Motion to Dismiss (Doc. 23).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of January, 2013.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge